■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL GREY, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered March 28, 1986, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On October 12, 1985, defendant, who was incarcerated at Elmira Correctional Facility in Chemung County, was subjected to a pat-frisk search when Correction Officer David Ayres apprehended him walking the corridor without his identification card in violation of prison regulations. When defendant tried to avoid the search, he was maneuvered near an open garbage container where, according to trial testimony of Correction Officer Edward Peterson, who had come to Ayres' aid, defendant straightened his arm over the container allowing a metal rod to slide down his coat sleeve into the container. Despite defendant's denial of this occurrence, the jury convicted him of promoting prison contraband in the first degree. He was sentenced to an indeterminate prison term of 3½ to 7 years. This appeal followed.

There is no merit to defendant's claim that County Court's curative instruction to the prosecutor's suggestion during his closing that the jury experiment with the metal rod and overcoat was inadequate. County Court warned the jury that any experimentation with these exhibits was beyond review of the evidence and would amount to the jury members becoming witnesses. The court cautioned the jury not to experiment, and that it would be "problematical and speculative". Such

admonitions adequately conveyed to the jury its proper role. This is simply not a case like *People v Brown* (48 NY2d 388) or *People v De Lucia* (20 NY2d 275), relied on by defendant, in which the jurors actually engaged in prohibited conduct *(see, People v Buford,* 69 NY2d 290, 298), for there is no suggestion here that any experimentation or reenactment actually occurred.

As to defendant's other asserted grounds for reversal, we are not persuaded. Our review of the record convinces us that the prosecutor's summation did not exceed the bounds of fair comment and reveals that no objection to the court's preliminary instructions was made so that the asserted error in the instructions has not been preserved for appellate consideration. We see no reason to invoke our authority to reverse in the interest of justice (CPL 470.15). Finally, we reject defendant's suggestion raised in his *pro se* brief that his failure to appear before the Grand Jury denied him any constitutional right. Defendant was not being held pending disposal of a felony complaint in a local court so the prosecution was not obligated to advise defendant of the Grand Jury proceeding *(see,* CPL 190.50 [5] [a]; *People v Grey,* 135 AD2d 1031, 1032). There is also no evidence of any prejudicial delaying tactics in presentment to the Grand Jury as claimed by defendant.

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.