■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESUS BRUNO, Appellant. [849 NYS2d 701]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Nichols, J.), rendered August 21, 2006, upon a verdict convicting defendant of the crimes of criminal sexual act in the first degree, attempted assault in the second degree and resisting arrest.

A jury found defendant guilty of criminal sexual act in the first degree, attempted assault in the second degree and resisting arrest stemming from evidence that, in the early morning hours of August 9, 2005, he forced a woman (hereinafter the victim) to perform oral sex on him inside his motel room and thereafter resisted a police officer's attempt to arrest him. Sentenced as a persistent violent felony offender to an aggregate prison term of 25 years to life, he now appeals. Finding no merit to any of the contentions raised on appeal, we now affirm.

Defendant argues that the evidence was legally insufficient "to establish a substantial possibility of serious physical injury" to support the attempted assault conviction or a lawful arrest to support the resisting arrest conviction. He further contends that the verdict on all three counts was against the weight of the evidence, an argument which rests primarily on an attack of the victim's credibility. Trial testimony established the following pertinent facts.

On the morning in question, the victim and a friend were stranded in the Town of Colonie, Albany County, because the victim's then boyfriend refused to drive them back to the victim's home, which was quite a distance away. Neither woman possessed a cell phone or money, and an attempt to use a stranger's cell phone to contact the victim's father for a ride proved futile. As the victim and her friend walked in the direction of a local diner, defendant initiated a conversation with them outside the motel where he was staying. Upon learning of their predicament, he offered to help.

The twosome then accompanied defendant inside his motel room (according to the victim, he needed to get his shoes so he could drive them home). Once inside the motel room, however, defendant attempted to kiss both of them and discussed his desire for sexual relations. Both women ran toward the door to flee, but only the friend was able to get out. Defendant grabbed the victim by the arm as she was attempting to leave, pulled her back into the room, slammed the door shut and locked it.

He then slapped her across the face, pushed her down on the bed and choked her until her body went numb. The victim was unable to make a sound or breathe, and her vision became impaired. Threatening to kill her, defendant then forced her to perform oral sex on him. After a few minutes, she was able to push him down and escape. As she ran screaming down the street, she caught up with her friend, who had already summoned police at a pay phone outside a nearby store. Hysterical, the victim reported to her friend that defendant "raped" her by forcing her to perform oral sex.

Shortly thereafter, defendant pursued them on a bicycle, prompting both women to run into the street screaming for help. At this precise moment, a police officer arrived on the scene. The women took refuge in the back seat of his police vehicle and pointed out defendant as the man who had just "raped" the victim. Defendant refused the police officer's repeated directives to get on the ground and fought as the officer attempted to secure him. He had to be subdued with a Tazer before ultimately being handcuffed and taken into custody. As a result of defendant's attack, the victim had bruises, abrasions and scratches on her body, and she was unable to eat or drink without pain for three days.

Viewing this evidence in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find there is a valid line of reasoning and permissible inferences which would lead the jury to the conclusion that defendant was guilty of attempted assault and resisting arrest (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). In particular, evidence that defendant choked the victim to the point where she could not speak or breathe, went numb and suffered from impaired vision, as well as threatened to kill her, supported the conclusion that he intended to cause serious physical injury (*see* Penal Law §§ 110.00, 120.05 [1]; *People v West*, 271 AD2d 806 [2000], *lv denied* 95 NY2d 893 [2000]). Moreover, no matter what the nomenclature the victim assigned to the attack which had been perpetrated on her minutes earlier, the police officer had probable cause to believe that defendant committed a sexual offense and therefore the evidence was legally sufficient to establish a lawful arrest (*see* CPL 140.10 [5]; *People v Francis*, 44 AD3d 788 [2007]; *People v Fontanez*, 278 AD2d 933 [2000], *lv denied* 96 NY2d 862 [2001]; *People v Irving*, 107 AD2d 944, 945 [1985]; *see also People v Sekoll*, 254 AD2d 797, 798 [1998], *lv denied* 92 NY2d 1053 [1999]). Likewise, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on each count was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Chasey*, 5 AD3d 815, 816-817 [2004], *lv denied* 2 NY3d 797 [2004]). The claimed inconsistencies in the testimony of the victim and her friend were minor and fully explored at trial.

We find no error in the admission of the victim's hospital records into evidence (*see* CPLR 4518 [a]) as they were germane to her medical treatment and diagnosis (*see People v Rogers*, 8 AD3d 888 [2004]; *People v Bailey*, 252 AD2d 815, 815-816 [1998], *lv denied* 92 NY2d 922 [1998]; *see also People v White*, 306 AD2d 886 [2003], *lv denied* 100 NY2d 625 [2003]; *People v Baltimore*,

301 AD2d 610, 610-611 [2003], *lv denied* 100 NY2d 592 [2003]). Moreover, any error in not redacting certain portions of these records was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Brown*, 248 AD2d 742 [1998], *lv denied* 93 NY2d 922 [1999]).

Defendant's remaining contentions, including the argument that he should not have been sentenced as a persistent violent felony offender, have been considered and found to be without merit.

Mercure, J.P., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.