■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KALFORD SOMERVILLE, Appellant. [900 NYS2d 468]—

Spain, J.P. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 5, 2008, upon a verdict convicting defendant of the crimes of assault in the second degree and resisting arrest.

Defendant appeals from his convictions of assault in the second degree and resisting arrest stemming from an altercation with police on the night of June 9, 2008 outside his girlfriend's apartment on Hazel Street in the Town of Southport, Chemung County. A prolonged argument between defendant

and his girlfriend, Regina Coley, resulted in three 911 calls to the Chemung County Sheriff's Department. Police responded to the first two calls and, each time, defendant—who was intoxicated—agreed to leave but later returned.

At approximately 11:30 P.M., the third 911 call reported that the situation had escalated and a sword or edged weapon was involved. State Trooper Jason Wood and Deputy Sheriff Robert Wheeler responded to the scene where Coley, some of her family members and defendant were outside the apartment. According to the officers' testimony at trial, when they arrived defendant ran from the front porch and down the driveway. Wheeler ran toward defendant, yelling at him that he was under arrest, to show his hands and get down on the ground. Instead, defendant grabbed Wheeler with both hands, forced him to the ground, and landed on top of him, injuring Wheeler's arm. During the ensuing struggle, Wheeler accidently "tased" Wood, who was trying to pull defendant off Wheeler, but then Wheeler successfully used his taser to stun and subdue defendant.

Defendant was indicted on four counts, including assault in the second degree (against Wheeler), resisting arrest, assault in the third degree (based on the allegation that he had knocked Coley's elderly mother to her knees, resulting in injury) and menacing in the second degree (based on allegations that he chased Coley's daughter with a bayonet). After a jury trial, defendant was convicted of the two counts involving the altercation with police, but acquitted of the other two. He was sentenced to five years in prison with three years of postrelease supervision on the assault charge and one year of incarceration on the resisting arrest charge, to run concurrently with the other sentence. Based on the convictions, County Court also issued orders of protection pursuant to CPL 530.13 for Coley and four other family members who were present that night and later testified at trial. Defendant now appeals.

First, we reject defendant's argument that the evidence at trial was legally insufficient to support his convictions. In reviewing the legal sufficiency of a verdict, we must view the evidence in the light most favorable to the People (*see People v Roberts*, 63 AD3d 1294, 1296 [2009]), and " 'determine whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury . . . and as a matter of law satisfy the proof and burden requirements for every element of the crime[s] charged' " (*People v Scanlon*, 52 AD3d 1035, 1038 [2008], *lv denied* 11 NY3d 741 [2008], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]).

A person is guilty of assault in the second degree when "[w]ith intent to prevent a . . . police officer . . . from performing a lawful duty . . . he or she causes physical injury to such . . . police officer" (Penal Law § 120.05 [3]). Here, the police responded to a report of a domestic incident where a male was chasing the residents around with a sword or knife. When the officers arrived, witnesses pointed out defendant who was running along the driveway and whose hands, at that point, could not be seen. Under these circumstances, the officers had the right and duty—as part of their investigation of the domestic violence complaint—to order defendant to stop. Defendant's response—his act of forcefully throwing Wheeler to the ground and causing a painful injury to his arm—provided ample evidence of his intent to interfere with Wheeler's lawful duty and, thus, to support the assault second conviction. As the police had probable cause at that point to arrest defendant for assault, his continued resistance, until stunned into submission, supports his resisting arrest conviction (*see* CPL 70.10, 140.10 [1] [b]; *People v Bruno*, 47 AD3d 1064, 1066 [2008], *lv denied* 10 NY3d 809 [2008]).

Next, we reject defendant's assertion that his due process rights were violated because two of the jurors visited the scene of the alleged incident on their own time. No record evidence supports this contention. County Court permitted one juror to pick up her granddaughter from a babysitter who lived on Hazel Street and another juror, who actually lived on Hazel Street, to return home. In both instances, the jurors were instructed, and agreed, not to drive by or visit the scene (*see People v Grey*, 150 AD2d 823, 823-824 [1989], *lv denied* 74 NY2d 810 [1989]; *cf. People v De Lucia*, 20 NY2d 275, 279-280 [1967]).

Defendant also asserts that errors in his presentence report deprived him of due process. Though unpreserved, we must address this issue in light of defendant's contention that, based in part on his attorney's failure to object to the presentence report, defendant was deprived of the effective assistance of counsel. Specifically, defendant focuses on the fact that the report states that he pleaded guilty in this case when, in fact, he was convicted after a trial and that the report erroneously marks him as a "non-veteran." We find that these minor errors did not operate to prejudice defendant.

Given that the first page of the presentence report accurately states that defendant was convicted after a verdict, rather than a plea, and that the same judge who sentenced defendant presided over his trial, we discern no basis for confusion. Likewise, because the presentence report describes defendant's

military service and his honorable discharge, the fact that the word "non-veteran" appears in the basic information portion of the report caused defendant no prejudice. Indeed, at sentencing, defendant addressed County Court and described his military service.

Likewise, the other alleged inadequacies in defense counsel's performance do not rise to the level of ineffective assistance of counsel. "To prevail on his claim that he was denied effective assistance of counsel, defendant must demonstrate that his attorney failed to provide meaningful representation" (*People v Caban*, 5 NY3d 143, 152 [2005] [citations omitted]; *see People v Lee*, 66 AD3d 1116, 1120 [2009]). Here, a review of the record reveals that defense counsel provided meaningful representation. She pursued a cogent defense theory, effectively cross-examined witnesses and ultimately achieved an acquittal on two of the four counts charged in the indictment.

We do find merit, however, in defendant's objection to one of the orders of protection issued by County Court. The court had the authority, based on defendant's convictions, to enter an order of protection in favor of "the victim or victims, or of any witness designated by the court, of such offense" (CPL 530.13 [4] [a]). Here, the court issued orders of protection in favor of all individuals present at Coley's apartment that night who also testified at trial, namely, Coley, Barbara Randall (Coley's aunt), Megan Coley (Coley's daughter), and William Baldwin and Priscilla Baldwin (Coley's parents). However, the witnesses referred to in the statute must be those who actually witnessed the offense for which defendant was convicted (*see People v Creighton*, 298 AD2d 774, 776 [2002]), rather than simply all witnesses who testified at trial. Although the testimony of Regina Coley, Barbara Randall, Megan Coley and Priscilla Baldwin supports the view that each of these individuals witnessed at least some of the conduct supporting defendant's assault and/or resisting arrest convictions, William Baldwin clearly testified that he did not witness defendant's altercation with the police. As such, the order of protection with respect to William Baldwin must be vacated.

Finally, we are unpersuaded that defendant's sentence was vindictive or harsh and excessive. County Court specifically explained to defendant that he was imposing a sentence much heavier than offered during plea negotiations not as punishment for going to trial, but because defendant's extensive criminal history revealed that his prior, lighter sentences had not made an impact and that he refused to address his problem with alcohol. Indeed, the sentences imposed were within the

statutory guidelines (*see* Penal Law § 70.00 [2] [d]; § 70.15 [1]) and, absent a showing of extraordinary circumstances, we will not interfere with the court's discretion (*see* CPL 470.15 [6] [b]; *People v Minor*, 45 AD3d 885, 886 [2007], *lv denied* 10 NY3d 768 [2008]).

We have considered defendant's remaining contentions and find them to be without merit.

Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by vacating the order of protection in favor of William Baldwin, and, as so modified, affirmed.