THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS LEPARD, Appellant. [922 NYS2d 585]—

Stein, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered November 10, 2009, upon a verdict convicting defendant of the crime of resisting arrest.

On a Sunday morning in May 2008, defendant stopped his vehicle across the street from the scene of a routine traffic stop, at which Deputy Sheriff Travis Richards had stopped Dominick Adami for speeding. From his car, defendant allegedly began shouting obscenities because, according to both Adami and defendant, defendant was upset that someone had broken into his car and had stolen the stereo therefrom. To Richards—who was sitting in his police car with the windows closed when defendant arrived—it appeared that defendant was shouting at Adami. Defendant then exited his vehicle and walked toward Adami's car. According to Richards, defendant appeared to be threatening Adami and continued to shout obscenities as he approached Adami's car. Richards got out of his car and began to approach defendant, yelling at him to get back into his car and leave. In response, defendant informed Richards that he needed to speak with him to fill out a report. Defendant eventually returned to his own vehicle and drove away. After Richards completed the traffic stop of Adami, he proceeded to search for defendant and contacted police officer Matthew Mauriello for assistance in locating him. Approximately 20 to 30 minutes later, Richards found defendant in a public place, approached him and advised him that he was under arrest for disorderly conduct, at which point defendant reportedly became "agitated." Richards attempted to handcuff him, but defendant pulled away, turned his back and placed his arms out of Richards' reach. Richards pressed against defendant's back and pushed him up against a nearby parked car, but defendant continued to resist the application of handcuffs. Mauriello arrived and attempted to assist Richards in arresting defendant. While Mauriello was doing so, defendant grabbed Mauriello's finger and bent it down, injuring

it. Ultimately, Mauriello and Richards were able to handcuff and subdue defendant.

Defendant waived indictment and was arraigned on a superior court information charging him with assault in the second degree, resisting arrest and obstructing governmental administration.[1] County Court denied defendant's pretrial motion to dismiss the superior court information and defendant was thereafter convicted of resisting arrest following a jury trial.[2] Defendant now appeals and we affirm.

Contrary to defendant's contention, we are satisfied that the verdict was based upon legally sufficient evidence and was in accord with the weight of the evidence. A conviction of resisting arrest requires a showing that defendant "intentionally prevent[ed] or attempt[ed] to prevent a police officer or peace officer from effecting an authorized arrest" (Penal Law § 205.30). The first issue raised by defendant here is whether the People established the existence of probable cause for defendant's arrest, thereby proving that the arrest was authorized. Upon our review of the record, we conclude that the People sufficiently demonstrated Richards' reasonable belief that defendant had committed the offenses of disorderly conduct and obstructing governmental administration when he first encountered him at the scene of the traffic stop.

The evidence at trial established that the area in which the traffic stop occurred included a municipal building, a diner and private residences and that defendant was swearing the entire time and appeared to be shouting at Adami that he was going to kill him. Inasmuch as the traffic stop took place on a Sunday morning, Richards' testimony supports a finding that he could have reasonably believed that the diner was occupied by patrons and that people were in their homes and, therefore, that defendant was recklessly creating a risk of public inconvenience, annoyance or alarm (see generally Penal Law § 240.20 [3]; People v McRay, 51 NY2d 594, 602 [1980]; People v Williams, 25 AD3d 927, 928 [2006], lv denied 6 NY3d 840 [2006]). In light of this evidence that Richards reasonably believed that defendant had

1. The original information also charged defendant with disorderly conduct, but was later superseded by the superior court information, which omitted this charge.

2. Defendant was acquitted of the assault charge and County Court granted defendant's motion to dismiss the charge of obstructing governmental administration at the close of the proof at trial. However, County Court denied defendant's motion to dismiss the superior court information made at the conclusion of the People's case, and renewed at the close of proof, with respect to the charge of resisting arrest. The court likewise denied defendant's posttrial motion to set aside the verdict.

committed the crime of disorderly conduct, the People established that his arrest was authorized (*see People v Bruno*, 47 AD3d 1064, 1066 [2008], *lv denied* 10 NY3d 809 [2008]). Richards further testified that he believed that defendant's conduct jeopardized the safety of the traffic stop and caused an unnecessary delay in the issuance of a routine traffic ticket, thus interrupting Richards in the performance of his official duties. These allegations were sufficient to demonstrate that Richards also had probable cause to arrest defendant for obstructing governmental administration (*see* Penal Law § 195.05; *People v Graham*, 54 AD3d 1056, 1058 [2008]).

As for the requisite mental state, the testimony of Richards and Mauriello concerning defendant's body language and physical conduct in refusing to allow them to handcuff him, together with the fact that it took two officers to restrain him, demonstrates his intent to resist arrest (*see* Penal Law § 15.05; *People v Stevenson*, 31 NY2d 108, 113 [1972]; *People v Somerville*, 72 AD3d 1285, 1287 [2010]; *People v Clark*, 241 AD2d 710, 710 [1997], *lv denied* 90 NY2d 1010 [1997]; *People v Lattanzio*, 35 AD2d 313, 314 [1970]). Viewing the evidence in the light most favorable to the People, we find that there is a valid line of reasoning and the existence of permissible inferences to support the conclusion that defendant resisted arrest (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Baltes*, 75 AD3d 656, 658 [2010], *lv denied* 15 NY3d 918 [2010]; *People v Somerville*, 72 AD3d at 1286). Likewise, even if a different verdict would not have been unreasonable, upon our own review of the evidence and according the appropriate deference to the jury's credibility determinations, we conclude that the verdict was not against the weight of the credible evidence (*see People v Bleakley*, 69 NY2d at 495; *People v Baltes*, 75 AD3d at 658; *People v Somerville*, 72 AD3d at 1286).

Finally, we note that, in light of the lower threshold of proof necessary to establish probable cause for an arrest than proof beyond a reasonable doubt, which is the People's ultimate burden at trial (*see People v Laltoo*, 22 AD3d 230 [2005]), a conviction for resisting arrest will stand even though a defendant is not charged with, or is ultimately acquitted of, the underlying offense that prompted the arrest in the first place (*see e.g. People v Shapiro*, 96 AD3d 626, 626-627 [1983]; *see also People v Laltoo*, 22 AD3d at 230; *People v McKinson*, 249 AD2d 27, 28 [1998], *lv denied* 92 NY2d 901 [1998]). Accordingly, County Court properly denied defendant's motions to dismiss that charge and to set aside the verdict.

Defendant's remaining contentions have been considered and are unavailing.

Spain, J.P., McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.

