Garry, J.
Appeal from a judgment of the County Court of *1104 Albany County (Breslin, J.), rendered March 4, 2011, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, assault in the second degree and resisting arrest.
Defendant was charged by indictment with one count each of criminal possession of a controlled substance in the third degree, assault in the second degree, resisting arrest and unlawful possession of marihuana, stemming from allegations that, after heroin and marihuana were found in the vehicle he owned and was traveling in as a passenger, he physically assaulted the State Trooper who tried to place him under arrest and fled. The unlawful possession of marihuana charge was dismissed by County Court at trial for legally insufficient evidence. Defendant was convicted of the three remaining charges and sentenced, as a second felony offender, to an aggregate prison term of 14 years, followed by five years of postrelease supervision. Defendant appeals, and we affirm.
Defendant properly preserved the challenge now raised on appeal relative to the legal sufficiency of the proof of the elements of the crimes by his motion for dismissal at the close of the People’s case addressing the claimed deficiencies in the evidence (see People v Battease, 74 AD3d 1571, 1573 [2010], lv denied 15 NY3d 849 [2010]; People v Roberts, 63 AD3d 1294, 1296 [2009]). However, upon review, and viewed in the light most favorable to the People, we are satisfied that “there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime [s] proved beyond a reasonable doubt” (People v Danielson, 9 NY3d 342, 349 [2007] [internal quotation marks and citations omitted]; see People v Souffrant, 93 AD3d 885, 886 [2012], lv denied 19 NY3d 968 [2012]).
The testimony at trial established that, at approximately 10:12 p.m. on November 19, 2009, State Troopers Jeffrey Devine and Eric Terraferma stopped a vehicle on Interstate 90 (hereinafter 1-90) westbound after observing that the vehicle had an inoperable headlight. Approaching the car, Devine, who had training and experience in drug detection, smelled an odor of marihuana coming from inside the vehicle. Defendant, the front-seat passenger, volunteered that he was the owner of the vehicle. After discussing his findings with his partner, Devine decided to search the vehicle. When the two Troopers returned, defendant rolled down the front passenger-side window, and Terraferma detected an odor of marihuana. Based on the odor, Devine conducted a pat-down search of the driver, and then returned him to the vehicle. Devine also conducted a pat-down *1105 search of defendant and the rear-seat passenger, but had them remain outside of the vehicle.
As Devine leaned into the vehicle to notify the driver that he was going to conduct a search, he observed a small bag on the center console containing what he believed to be marihuana, and a small black bag protruding out of the center console in the front-passenger seat which, upon inspection, he determined contained heroin. Subsequent examination of the black bag established that it contained 299 glassine envelopes held together by rubber bands, a sample of which were tested and confirmed to contain heroin and cocaine. At trial a State Police investigator, who had training and experience in identifying whether narcotics are “packaged with the intent to sell,” testified that heroin is typically packaged for sale in glassine envelopes that are held together by rubber bands and that, in his experience, the most a heroin user can consume in one day is 20 glassine envelopes.
After initially seeing the heroin, Devine attempted to place defendant under arrest. Defendant pushed Devine away and took off on foot. A lengthy pursuit, spanning across 1-90, and physical altercations between the two ensued, in the course of which defendant struck Devine numerous times in the head, body and face. After defendant was ultimately subdued, Devine was transported to the hospital and treated for injuries to his left knee, lower back and abrasions to his head and face. Devine testified that the combined injuries caused him “substantial pain” and prevented him from working for two weeks.
Based on the foregoing, we conclude that the evidence was legally sufficient to establish that defendant committed the crimes of criminal possession of a controlled substance in the third degree (see People v Souffrant, 93 AD3d at 887; People v Garcia, 30 AD3d 833, 835 [2006]), assault in the second degree (see People v Somerville, 72 AD3d 1285, 1287 [2010]; compare People v Winchester, 14 AD3d 939, 941 [2005], lv denied 5 NY3d 796 [2005]) and resisting arrest (see People v Lepard, 83 AD3d 1214, 1216 [2011], lv denied 18 NY3d 925 [2012]; People v Somerville, 72 AD3d at 1287).
We do not find merit in defendant’s assertion that County Court erred in denying his request to dismiss the indictment pursuant to CPL 210.35 (5) on the basis that, among other things, certain aspects of Devine’s suppression testimony differed from the testimony that he gave before the grand jury. While Devine’s grand jury testimony as to which side of the vehicle he was standing on when he observed the contraband was inconsistent with his suppression testimony, this does not *1106 indicate that “ ‘prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice [d] the ultimate decision reached by the [g]rand [j]ury’ such that dismissal was required” (People v Lumnah, 81 AD3d 1175, 1177 [2011], lv denied 16 NY3d 897 [2011], quoting People v Huston, 88 NY2d 400, 409 [1996]). Notably, without regard to where Devine was standing when he observed the contraband, he had probable cause to search the vehicle based on his previous detection of the odor of marihuana emanating from the vehicle (see People v Horge, 80 AD3d 1074, 1074-1075 [2011]).* Defendant’s related contention that the initial accusatory instruments (see CPL 100.05, 100.10 [1], [4], [5]; 100.15) were facially deficient is rendered academic, as they were superseded by a valid grand jury indictment (see People v Watson, 105 AD3d 1264, 1265 [2013]; People ex rel. Van Steenburg v Wasser, 69 AD3d 1135, 1136 [2010], lv dismissed and denied 14 NY3d 883 [2010]).
Defendant also challenges County Court’s denial of his motion to suppress the contraband found in the vehicle, arguing that Devine’s testimony should have been found incredible as a matter of law. County Court’s resolution of the inconsistencies in Devine’s testimony required credibility determinations, to which we accord deference (see People v Prochilo, 41 NY2d 759, 761 [1977]; People v Portelli, 116 AD3d 1163, 1164 [2014]). Upon review, we find no reason to disturb the determination. Devine and Terraferma had authority to stop the vehicle being driven by Smith based upon their observation of an inoperable headlight (see Vehicle and Traffic Law § 375 [2] [a] [1]; People v Merritt, 96 AD3d 1169, 1170 [2012], lv denied 19 NY3d 1027 [2012]; People v Viele, 90 AD3d 1238, 1239 [2011], lv denied 19 NY3d 868 [2012]). Detecting an odor of marihuana emanating from the vehicle following the stop, the Troopers had probable cause to search the vehicle (see People v Horge, 80 AD3d at 1074-1075; People v Gaines, 57 AD3d 1120, 1121 [2008]). Contrary to defendant’s contention, Devine’s testimony was not incredible as a matter of law so as to warrant disturbing County Court’s determination, despite the inconsistencies (see People v Ponzo, 111 AD3d 1347, 1348 [2013]; People v Murray, 58 AD3d 1073, 1075 [2009], lv denied 12 NY3d 786 [2009]; People v Durgey, 186 AD2d 899, 901 [1992], lv denied 81 NY2d 788 [1993]).
We find no error in County Court’s refusal to submit the *1107 charge of criminal possession of a controlled substance in the seventh degree as a lesser included offense of criminal possession of a controlled substance in the third degree. Although it is undisputed that defendant could not commit this crime in the third degree without concomitantly committing it in the seventh degree, we agree with County Court that, even viewing the evidence in the light most favorable to defendant (see People v Shuman, 37 NY2d 302, 304 [1975]), no reasonable view of the evidence supports the conclusion that defendant committed the lesser, but not the greater, offense (see People v Fairley, 63 AD3d 1288, 1289-1290 [2009], lv denied 13 NY3d 743 [2009]; People v Berry, 5 AD3d 866, 867 [2004], lv denied 3 NY3d 637 [2004]; People v Bond, 239 AD2d 785, 786 [1997], lv denied 90 NY2d 891 [1997]). Similarly, as to defendant’s request to submit the charge of obstructing governmental administration in the second degree as a lesser included offense of assault in the second degree, the People concede that defendant could not commit the greater without concomitantly committing the lesser crime (see People v Nisselbeck, 85 AD3d 1206, 1208 [2011]). As County Court properly concluded, however, there is no reasonable view of the evidence to support a finding that defendant committed obstructing governmental administration in the second degree but not assault in the second degree (compare People v Nisselbeck, 85 AD3d at 1208-1209; People v Sullivan, 284 AD2d 917, 918-919 [2001], lv denied 96 NY2d 942 [2001]).
Next, defendant asserts that County Court erred in denying his request to provide an expanded jury charge on intent to sell that he had drafted. County Court used the standard jury charge regarding criminal possession of a controlled substance in the third degree set forth within the Criminal Jury Instructions, which included a definition of intent (see CJI2d[NY] Penal Law § 220.16 [1]), and the court’s charge sufficiently set forth the governing law. We thus conclude that County Court did not err in declining to use the expanded charge offered by defendant (see People v Dory, 59 NY2d 121, 129 [1983]; People v Gregory, 78 AD3d 1246, 1247-1248 [2010], lv denied 16 NY3d 831 [2011]). Nor did the court err in its response to a jury note. During jury deliberations, the court received a note from the jury requesting “just the elements” of the first count. Upon County Court’s inquiry, the jury indicated that it wanted the elements read “without all the definitions.” Defendant insisted that the court provide the entire charge regarding the count, but the court read only the elements of the crime to the jury. Upon review, we find that County Court acted within its discretion in tailoring a meaningful and appropriate response to the jury’s specific inquiry (see CPL 310.30; People v Almodovar, 62 NY2d 126, 131- *1108 132 [1984]; People v Williams, 28 AD3d 1005, 1010 [2006], lv denied 7 NY3d 819 [2006]).
As to defendant’s contention that County Court erred in denying his motion to set aside the verdict (see CPL 330.30), this “motion may be granted only for issues of law that ‘would require a reversal or modification of the judgment as a matter of law by an appellate court’ ” (People v Sudler, 75 AD3d 901, 904 [2010], lv denied 15 NY3d 956 [2010], quoting CPL 330.30 [1]; see People v Hakim-Peters, 92 AD3d 1030, 1031 [2012]). Defendant put forth five arguments in support of his motion, four of which we have addressed above and have found do not require reversal or modification. We find that defendant’s fifth argument, that the People engaged in prosecutorial misconduct when they denied his request to delay the presentment of the charges to the grand jury, also does not require reversal or modification (see generally People v Huston, 88 NY2d at 406; People v Lancaster, 69 NY2d 20, 25-26 [1986], cert denied 480 US 922 [1987]). Accordingly, County Court properly denied this motion.
Finally, we do not find County Court’s imposition of consecutive sentences for counts one and two harsh or excessive so as to warrant a reduction in the interest of justice {see CPL 470.15 [6] [b]). Where, as here, the actions underlying the crimes are separate and distinct, consecutive sentences may be imposed (see People v McKnight, 16 NY3d 43, 48 [2010]; People v Ramirez, 89 NY2d 444, 451 [1996]; People v McFarland, 106 AD3d 1129, 1132 [2013], lv denied 22 NY3d 1140 [2014]). Although the sentence imposed was significantly longer than that offered during plea negotiations, this disparity alone does not establish that defendant was punished for going to trial in the absence of any other record support (see People v Pena, 50 NY2d 400, 411-412 [1980], cert denied 449 US 1087 [1981]; People v Matthews, 101 AD3d 1363, 1366 [2012], lv denied 20 NY3d 1101 [2013]). In light of the circumstances of this case and defendant’s lengthy criminal history, we do not find that County Court abused its discretion or that extraordinary circumstances exist that would warrant modification (see People v Shoga, 89 AD3d 1225, 1232 [2011], lv denied 18 NY3d 886 [2012]; People v Bailey, 80 AD3d 999, 1002 [2011], lv denied 18 NY3d 856 [2011]).
Defendant’s remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Peters, PJ., Lahtinen and Rose, JJ., concur.
Ordered that the judgment is affirmed.

 We reject defendant’s further assertion that the grand jury was impaired because Devine was “unable to say” whether the odor of marihuana was from burned or raw marihuana; Devine was not specifically asked this question before the grand jury.