Egan Jr., J.
Appeal from a judgment of the County Court of Delaware County (Becker, J.), rendered February 19, 2013, upon a verdict convicting defendant of the crimes of assault in the second degree (two counts), resisting arrest and obstructing governmental administration in the second degree, and the violation of disorderly conduct.
*1107 Defendant was charged in a five-count indictment with assault in the second degree (two counts), resisting arrest, obstructing governmental administration in the second degree and disorderly conduct. The charges stemmed from an incident that occurred on the evening of May 20, 2012 in the Village of Walton, Delaware County, at which time village police officers Daniel St. Jacques and Jeffrey Clark responded to a 911 call of a possibly intoxicated female wandering down a village street and reaching for passing motor vehicles. When St. Jacques and Clark arrived at the scene, they observed a woman — later identified as defendant — walking along the double yellow line in the middle of the road and engaging in conversation with the driver of a van.
After speaking with the driver of the van, St. Jacques pulled alongside defendant, who had continued walking down the road, and indicated that he wished to speak with her. Defendant did not comply with St. Jacques’s request. Clark then exited the patrol vehicle and asked defendant to walk toward him, at which point defendant informed Clark that she did not wish to talk to him and threw a lemon wedge, striking him in the face. In response, Clark advised defendant that she was under arrest for disorderly conduct. When defendant attempted to walk away, Clark grabbed her arm, and defendant, in turn, bit Clark’s hand. St. Jacques then exited the patrol vehicle to assist Clark in subduing defendant, whom both officers described as very slippery. The officers eventually were able to handcuff defendant, but not before she (1) punched St. Jacques in the face, head butted him and bit his hand, (2) bit Clark on the side of his head (twice) and bit his left inner thigh (resulting in a sizeable bruise), and (3) was tased five times with Clark’s stun gun.
Following a jury trial, defendant was convicted as charged. County Court, among other things, granted defendant a conditional discharge with respect to the disorderly conduct charge and, as to the balance of the indictment, sentenced defendant to a term of incarceration of six months followed by five years of probation. Defendant now appeals, contending that the jury’s verdict is against the weight of the evidence.
We affirm. “A person is guilty of assault in the second degree when . . . [w]ith intent to prevent a . . . police officer . . . from performing a lawful duty . . . he or she causes physical injury to such . . . police officer” (Penal Law § 120.05 [3]; see *1108 People v Somerville, 72 AD3d 1285, 1287 [2010]),[1] and “[a] person is guilty of resisting arrest when he [or she] intentionally prevents or attempts to prevent a police officer . . . from effecting an authorized arrest of himself [or herself! or another person” (Penal Law § 205.30; see People v Lepard, 83 AD3d 1214, 1215 [2011], lv denied 18 NY3d 925 [2012]). Similarly, “[a] person is guilty of obstructing governmental administration [in the second degree] when he [or she] intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function, by means of intimidation, physical force or interference” (Penal Law § 195.05; see People v Dumay, 23 NY3d 518, 524 [2014]). Finally, “[a] person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating the risk thereof . . . [h]e [or she] obstructs vehicular or pedestrian traffic” (Penal Law § 240.20 [5]; see People v Jones, 9 NY3d 259, 262 [2007]; People v Seck, 126 AD3d 574 [2015]).[2] As to all of these charges, defendant’s intent may be inferred from the surrounding circumstances, including her words or conduct (see People v Pine, 126 AD3d 1112, 1114 [2015]; People v McCottery, 90 AD3d 1323, 1324 [2011], lv denied 19 NY3d 975 [2012]), and the “competing inferences to be drawn regarding . . . defendant’s intent, if not unreasonable, are the exclusive domain of the finders of fact, not to be disturbed by [this Court]” (People v Gordon, 23 NY3d 643, 650 [2014] [internal quotation marks and citation omitted]; accord People v Barboni, 21 NY3d 393, 405 [2013]).
Here, St. Jacques and Clark collectively testified that they first encountered defendant walking down the centerline of a village street shortly before 10:00 p.m. on the night in question and engaging a stopped motorist in conversation. When they attempted to speak with defendant, she refused, walked away and thereafter threw a lemon wedge, striking Clark in the face. Upon being advised that she was under arrest for disorderly conduct, defendant broke free of Clark’s grasp and bit him on the hand, refused repeated orders to stop struggling and continued to fight both officers — quite literally — “tooth and nail” until they finally were able to subdue her. Notably, defendant does not materially dispute the officers’ accounts of her *1109 actions; she admits that she “was walking down the center of the street” at night, that a “black vehicle” pulled up next to her, that the occupants — later described as wearing black uniforms — asked to speak with her and directed her to “go to the side of the street,” that she refused, that she “released the lemon” when one of the occupants approached her and that she thereafter struggled with these individuals — biting at least one of them. Nor does defendant argue that the officers lacked probable cause to arrest her, dispute that they were engaged in authorized, lawful and legitimate governmental or law enforcement duties during the course of their encounter with her, deny that she used physical force in struggling with the officers or contest that they sustained physical injuries as a result thereof. Rather, defendant contends that she was suffering from “a serious, delusional, mental impairment” at the time of her encounter with St. Jacques and Clark, as a result of which she did not recognize them as police officers. Hence, defendant’s argument continues, she lacked the requisite intent necessary in order to be convicted of the charged crimes. We disagree.
Although defendant testified at trial that neither St. Jacques nor Clark identified themselves as police officers, she acknowledged that the occupants of the vehicle that approached her were in uniform, and one cannot use physical force to resist arrest “when it would reasonably appear” that the individual attempting to effectuate the arrest is a police officer (Penal Law § 35.27). Further, with respect to defendant’s asserted mental impairment,[3] we note that defendant underwent a pretrial CPL article 730 examination, at the conclusion of which both a psychiatrist and a psychologist found defendant to be competent to stand trial. Defendant neither contested this finding, *1110 requested a hearing on this issue nor “assert [ed] the affirmative defense of a mental disease or defect at trial” (People v Foster, 52 AD3d 957, 959 n [2008], lv denied 11 NY3d 788 [2008]) and, based upon defendant’s actions on the night in question and the reasonable inferences that may be drawn therefrom, we are satisfied that defendant possessed the requisite intent to commit the charged crimes. Accordingly, although a different verdict would not have been unreasonable, we find defendant’s convictions of assault in the second degree (see People v Dancy, 87 AD3d 759, 760-761 [2011]; cf. People v Somerville, 72 AD3d at 1286-1287), resisting arrest (see People v Sibblies, 98 AD3d 458, 460-461 [2012], revd on other grounds 22 NY3d 1174 [2014]; People v Lepard, 83 AD3d at 1215-1216), obstruction of governmental administration in the second degree (see People v Sibblies, 98 AD3d at 460-461; People v Baltes, 75 AD3d 656, 659 [2010], lv denied 15 NY3d 918 [2010]) and disorderly conduct (see People v Moye, 90 AD3d 472, 472-473 [2011], lv denied 18 NY3d 926 [2012]; People v Richards, 17 AD3d 489, 490 [2005], lv denied 5 NY3d 768 [2005]) to be in accord with the weight of the evidence, and we decline defendant’s invitation to set aside the jury’s verdict in the interest of justice.
Peters, P.J., Rose and Lynch, JJ., concur. Ordered that the judgment is affirmed.

. Intent to cause physical injury to a police officer is not an element of assault in the second degree under Penal Law § 120.05 (3) (see People v Rojas, 97 NY2d 32, 39-40 [2001]).

. Here, with respect to the charge of disorderly conduct, both theories of liability were submitted to the jury, and the jury thereafter found defendant guilty upon the theory that she recklessly obstructed vehicular traffic.

. Defendant testified at trial that, prior to her encounter with St. Jacques and Clark on the evening in question, she had engaged in a conversation with a man (during daylight hours) who purportedly told defendant that he and his friends were vampires and that they would be returning later that evening to attack defendant and her family. Upon appeal, defendant now argues that she believed that St. Jacques and Clark “were not police officers but, instead, terrifying ‘vampires’ ” who, in turn, were related to the individual whom she encountered earlier in the day. The flaw in defendant’s argument on this point is twofold. First, although defendant indeed testified that she thought that St. Jacques and Clark were “related” to the unidentified man who purportedly had threatened her, defendant never testified that she believed that St. Jacques and Clark were in fact vampires. Additionally, as to the man (and his friends) in question, defendant acknowledged that she “didn’t think that they were serious [about being vampires]” and that she “didn’t actually think that they would come [back] and attack [her and her family].”