The People of the State of New York, Respondent,
against
Sean Sylvester, Defendant-Appellant.



In consolidated criminal prosecutions, defendant appeals from two judgments of the Criminal Court of the City of New York, New York County (John Cataldo, J.H.O.), each rendered March 6, 2013, after a nonjury trial, convicting him of disorderly conduct and trespass, and imposing sentence.




Per Curiam.
Judgments of conviction (John Cataldo, J.H.O.), rendered March 6, 2013, affirmed.
The accusatory instruments underlying these consolidated Summons Part prosecutions were not jurisdictionally defective. Read together, the informations alleged that defendant was inside a store at 1955 1st Avenue in New York County with "no legitimate purpose" and that when he was asked by "store workers" to leave, he "refused" and "began fighting" with the workers. These factual allegations, "given a fair and not overly restrictive or technical reading" (People v Casey, 95 NY2d 354, 360 [2000]), are sufficient for pleading purposes to establish reasonable cause to believe and a prima facie case that defendant was guilty of disorderly conduct (see Penal Law §240.20[1]) and trespass (see Penal Law §140.05). With respect to the disorderly conduct charge, the public dimension element of the offense was properly inferable from allegations that defendant was inside a commercial establishment that was obviously open to the public and store employees were present. It can also be inferred that patrons were present in the store or likely to enter. Thus, the incident had carried beyond the concern of the individual disputants to a point where it became "a potential or immediate public problem" (People v Weaver, 16 NY3d 123, 128 [2011], quoting People v Munafo, 50 NY2d 326, 331 [1980]; People v Lepard, 83 AD3d 1214, 1215-1216 [2011], lv denied 18 NY3d 925 [2012]; People v Rubackin, 49 Misc 3d 132[A], 2015 NY Slip Op. 51437[U] [App Term, 9th & 10th Jud Dists 2015]).
The "remains unlawfully" element of the trespass charge was established by allegations that defendant defied a lawful order excluding him from the premises, personally communicated to [*2]him by a person authorized to make the order (see People v Leonard, 62 NY2d 404, 408 [1984]; People v Seabrook, 46 Misc 3d 152[A], 2015 NY Slip Op. 50338[U] [App Term, 1st Dept. 2015], lv denied 26 NY3d 1112 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: September 14, 2016