The People of the State of New York, Respondent,
against
Michael Williams, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Bruna L. DiBiase, J.), rendered May 23, 2014, convicting him, upon his plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Bruna L. DiBiase, J.), rendered May 23, 2014, affirmed.
In view of the defendant's knowing waiver of his right to prosecution by information, the facial sufficiency of the accusatory instrument must be assessed under the standard required of a misdemeanor complaint (see People v. Dumay, 23 NY3d 518 [2014]). So viewed, the accusatory instrument was jurisdictionally valid because it described facts of an evidentiary nature establishing reasonable cause to believe that defendant was guilty of disorderly conduct (see Penal Law § 240.20[2]), the crime to which defendant ultimately pleaded guilty. The public dimension element of the offense was properly inferable from allegations that a "line of people" were waiting at a taxi stand on a Manhattan street, that defendant "cut the line," "enter[ed] a taxi," "refused" to exit as repeatedly directed by a police officer, "loudly stated in substance, No I am not getting out of this cab,'" and that "at least twenty people" were standing and watching as defendant was "physically remove[d]" from the cab. Based upon these allegations, the factfinder could infer that the incident had carried beyond the concern of the individual disputants to a point where it became "a potential or immediate public problem" (People v Weaver, 16 NY3d 123, 128 [2011], quoting People v Munafo, 50 NY2d 326, 331 [1980]; see People v Lepard, 83 AD3d 1214, 1215—1216 [2011], lv denied 18 NY3d 925 [2012]). For purposes of our threshold, pleading stage inquiry, the accusatory instrument also sufficiently alleged that defendant made noise of a type or volume that a reasonable person under the circumstances would not tolerate (see People v Bakolas, 59 NY2d 51 [1983]; People v Martino, 37 Misc 3d 142[A], 2012 NY Slip Op 52279[U] [App Term, 2d, 11th and 13th Jud Dists [2012], lv denied 20 NY3d 1101 [2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 17, 2017