The People of the State of New York,
against
Jorge Ivan Morales, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx County (Richard Ross, J.H.O.), rendered March 2, 2012, after a nonjury trial, convicting him of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Richard Ross, J.H.O.), rendered March 2, 2012, affirmed.
The disorderly conduct charge of the accusatory instrument (see Penal Law § 240.20[5]), as supported by nonhearsay allegations which gave defendant sufficient notice of the charged conduct to prepare a defense and avoid double jeopardy, was not jurisdictionally defective. Moreover, the verdict convicting defendant of this offense was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). The trial court, as factfinder, was warranted in concluding that defendant's conduct, including blocking the entire sidewalk and obstructing pedestrian traffic with chairs and stereo equipment, which consisted of speakers with wires leading to a first-floor apartment window, recklessly created a risk of a "potential or immediate public problem" (People v Weaver, 16 NY3d 123, 128 [2011], quoting People v Munafo, 50 NY2d 326, 331 [1980]; see also People v Lepard, 83 AD3d 1214, 1215—1216 [2011], lv denied 18 NY3d 925 [2012]). 
Defendant failed to preserve his present contention that the trial court acted as a prosecutor and deprived him of his constitutional right to a fair trial (see People v Kello, 96 NY2d 740 [2001]), and we decline to review it in the interest of justice. As an alternative holding, we reject this claim on the merits (see People v DeLeyden, 10 NY2d 293 [1961]; People v Cosme, 54 Misc 3d 145[A], 2014 NY Slip Op 50295[U] [App Term, 1st Dept 2017], lv denied 29 NY3d 1077 [2017]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 14, 2019