■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORO SANCHEZ, Appellant.—Judgment, Supreme Court, Bronx County (Richard L. Price, J.), rendered December 4, 1985, convicting defendant, upon a jury verdict, of assault in the second degree (felony assault), and sentencing him to a term of imprisonment of two to six years, is reversed, on the law and as a matter of discretion in the interest of justice, and the indictment dismissed.

Defendant stood trial upon a five-count indictment for the crimes of robbery in the first degree, two counts of burglary in the first degree (one for causing physical injury and the other for using a dangerous instrument—an ashtray), attempted rape, and felony assault in the second degree. The jury acquitted defendant of robbery, both counts of burglary, and the attempted rape charge, but convicted him of felony assault.

The trial court submitted all five counts of the indictment in the alternative without charging any lesser included offense to the first four counts. With respect to the felony assault count, the court charged: "In order for you to find the defendant guilty of this crime, the People are required to prove * * * beyond a reasonable doubt each of the following elements: that on or about October 24, 1984, in the County of the Bronx,

the *defendant committed or attempted to commit any of the crimes alleged herein;* that the defendant caused physical injury to [complainant]; that the defendant caused physical injury to [complainant] *while in the course of or in furtherance of the commission or attempted commission of the crimes alleged herein* or in immediate flight therefrom". (Emphasis added.)

This language of the charge, to which no objection was lodged by the People, became the law of the case *(People v Malagon,* 50 NY2d 954; *People v Bell,* 48 NY2d 913). Thus, in order to convict defendant of the crime of felony assault, the jury was required to find beyond a reasonable doubt that the assault occurred "in the course of * * * the commission or attempted commission of a felony", an essential element of this offense under Penal Law § 120.05 (6) which provides that in order to sustain a conviction of felony assault, the People must prove that defendant: "In the course of and in furtherance of the commission or attempted commission of a felony * * * or of immediate flight therefrom * * * causes physical injury to a person other than one of the participants".

In *People v De Jesus* (123 AD2d 563, 565), we held that where defendant's conviction of robbery was required to be reversed because of insufficient proof of accomplice liability, his felony assault conviction could not independently survive because "[a]s no felony or attempted felony contained in the indictment against appellant has been proven, appellant's conviction of second degree assault [felony assault] is not sustainable." In essence we concluded that conviction for either an underlying felony or its attempted commission is an essential element of the crime of felony assault.* Here, defendant's acquittal of all the underlying crimes requires vacatur of the verdict convicting him of felony assault, because the jury's determination on that last count is inconsistent with and repugnant to their finding of defendant's nonguilt on the first four counts *(People v Tucker,* 55 NY2d 1, 7).

The People argue that defendant waived his objection to the

---

* In *People v De Jesus* (123 AD2d 563) we reduced defendant's conviction to assault in the third degree pursuant to CPL 470.15, but we decline to follow that course here because neither party has requested such action. Furthermore, it would appear extremely doubtful that third degree assault can be regarded as a lesser included offense to a charge under the felony assault statute, since assault in the third degree (a class A misdemeanor) specifically requires as an element the defendant's intent to cause physical injury to another person, an element entirely absent from the felony assault.

repugnancy of this verdict by failing to register any objection prior to the discharge of the jury. Only after the jury was disbanded did defense counsel move to set aside the verdict in general terms "as contrary to the law, contrary to the weight of the evidence, and all other grounds provided by the CPL." As noted in the dissent, under ordinary circumstances an alleged inconsistency in a verdict must be asserted prior to the jury's discharge so that it may reconsider its verdict in order to preserve the issue for appellate review *(People v Stahl,* 53 NY2d 1048; *People v Bruckman,* 46 NY2d 1020). Certainly a failure to make such timely objection would foreclose review in the Court of Appeals *(People v Satloff,* 56 NY2d 745). However, we are free to consider the question in the interest of justice even absent a timely assertion of the error *(People v Parks,* 59 AD2d 543-544). Here we do so for the following reason.

The trial court had instructed the jury that they should deliberate upon each count of this indictment *seriatim,* and that if they convicted on any count they should report that as their verdict, without proceeding to consider any following count. The jury having acquitted defendant on the first four counts, the fundamental logic of the charge mandated acquittal on the fifth. It would be unrealistic to expect defendant's counsel to object so as to call for a resubmission of the entire case to the jury for a logical reconciliation of the inconsistent verdict, which would put at risk an adverse reconsideration of defendant's acquittal on the four more serious charges (and a practical exposure to double jeopardy) simply to resolve the dilemma created by the court's charge. Fundamental fairness requires that the price to be exacted for defendant's subsequent challenge to this inconsistent verdict should not be so exorbitant. No such risk was presented to the defendant in *People v Alfaro* (66 NY2d 985), cited by the dissent, with respect to the misdemeanor convictions which followed a bench trial there.

We are not persuaded by the People's suggestion that the felony assault statute may be analogized to a felony murder where acquittal of the underlying felony is not deemed inconsistent with a felony murder conviction *(People v Berzups,* 49 NY2d 417). As the Court of Appeals stated in *Berzups* (at 427): *"In contrast to the usual lesser included offense situation,* in felony murder the underlying felony is not so much an element of the crime but instead functions as a replacement for the *mens rea* or intent necessary for common-law murder. This view accords with the historical development of the

felony murder doctrine and the legislative policy reflected in its current statutory descendant, both of which underscore the fact that the corpus of the crime is the killing of another." (Emphasis added.)

No such "historical development" provides any antecedent for similar treatment of the felony assault statute with which we are concerned. Nor can we sustain this verdict upon the supposition that the jury may have found that defendant *attempted* to commit the four felonies of which he was acquitted. Even assuming that the jury's verdict rested on such a conclusion, the trial court never submitted for the jury's consideration defendant's attempt to commit robbery, burglary or rape as a lesser included offense. Nor did the court in its charge provide any definition or other instruction on the law governing attempted crime. Accordingly, it would be inadmissible speculation to sustain the jury's verdict on this ground. Concur—Murphy, P. J., Milonas, Kassal and Wallach, JJ.

Kupferman, J., dissents in a memorandum as follows: I dissent and would affirm.

The trial court properly presented the matter to the jury. No objection was raised until after the jury had been discharged, and even then only in general terms. The matter, therefore, has not been preserved for review. *(People v Alfaro,* 66 NY2d 985; *People v Satloff,* 56 NY2d 745.)