THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK MCMILLAN, Appellant. [652 NYS2d 918] —Judgment unanimously affirmed. Memorandum: Defendant, an inmate at a State correctional facility, was convicted after a jury trial of assault in the second degree (Penal Law § 120.05 [3]) for causing physical injury to a correction officer with intent to prevent the officer from performing a lawful duty. On appeal, he contends that his right to due process was violated by the preindictment delay of almost 16 months, requiring dismissal of the indictment as a matter of discretion in the interest of justice (*see, People v Lesiuk,* 81 NY2d 485, 490; *People v Singer,* 44 NY2d 241, 253). Because defendant failed to make a motion to dismiss on the ground of preindictment delay, no hearing was held and, on the record before us, it is impossible to determine the cause of the almost 16-month delay in obtaining an indictment. Because defendant has failed to demonstrate any prejudice by virtue of that delay, we decline to dismiss the indictment as a matter of discretion in the interest of justice (*see, People v Collins,* 154 AD2d 901, 902, *lv denied* 75 NY2d 769).

Defendant did not object to any remarks of the prosecutor during his opening statement and thus has failed to preserve for our review defendant's contention that the remarks exceeded the bounds of proper advocacy (*see,* CPL 470.05 [2]). In any event, we conclude that the remarks were not so egregious that defendant was deprived of a fair trial (*see generally, People v Galloway,* 54 NY2d 396, 401).

Defendant also contends that the trial court's charge was inadequate because it failed to define the term "lawful duty" as contained in the statutory definition of assault in the second degree (Penal Law § 120.05 [3]). Because defendant failed to object to the court's charge, the issue has not been preserved for our review (*see,* CPL 470.05 [2]). In any event, we conclude that the court's instructions properly stated the applicable legal principles (*see,* 2 CJI[NY] PL 120.05 [3], at 110A-110D) and that the evidence at trial establishes that defendant caused

physical injury to the correction officer with intent to prevent the officer from performing a "lawful duty". (Appeal from Judgment of Cayuga County Court, Corning, J.—Assault, 2nd Degree.) Present—Pine, J. P., Lawton, Callahan, Doerr and Boehm, JJ.