■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL SAWYER, Appellant. [704 NYS2d 604] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rios, J.), rendered September 24, 1998, convicting him of assault in the second degree (three counts), grand larceny in the third degree, criminal possession of stolen property in the third degree, reckless endangerment in the first degree, assault in the third degree (two counts), and resisting arrest, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The police observed the defendant in a parked car with the motor running in front of a location which was the subject of

an emergency call that shots had been fired. As a police car approached, the defendant fled and refused to stop when ordered to do so. A thirty-block pursuit ensued, ending when the defendant's car collided with a police vehicle, injuring two officers. As the defendant was being apprehended, another officer was injured.

The defendant contends that the police officers were not performing a lawful duty when they were injured, and that therefore his convictions of assault in the second degree were not supported by legally sufficient evidence. We disagree.

To sustain a conviction of assault in the second degree under Penal Law § 120.05 (3), the People must establish that the injured police officer was engaged in a lawful duty at the time of the assault by the defendant (*see, People v Voliton,* 83 NY2d 192; *People v Greene,* 221 AD2d 559). The People need not establish that the defendant had specific intent to injure the police officer (*see, People v Campbell,* 72 NY2d 602).

In this case, the police properly approached the defendant in response to an emergency call of shots fired minutes earlier at the location where the defendant was found. The defendant fled upon being approached, giving the officers reasonable suspicion to stop and detain him (*see,* CPL 140.50 [1]; *People v Sobotker,* 43 NY2d 559; *People v Woods,* 189 AD2d 838; *People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210). Thus, the officers were engaged in a lawful activity when they were injured by the defendant, and the convictions of assault in the second degree were supported by legally sufficient evidence (*see, People v Sierra,* 83 NY2d 928; *People v Contes,* 60 NY2d 620). Ritter, J. P., Santucci, Thompson and McGinity, JJ., concur.