■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL MCCALLOP, Appellant. [826 NYS2d 12]—

Judgment, Supreme Court, Bronx County (Megan Tallmer, J.), rendered September 23, 2004, convicting defendant, after a jury trial, of assault in the second degree (two counts), criminal mischief in the fourth degree, criminal possession of a weapon in the fourth degree, criminal possession of stolen property in the fifth degree, and possession of burglar's tools, and sentencing him, as a persistent violent felony offender, to an aggregate term of 12 years to life, unanimously modified, on the law, to the extent of vacating the conviction of second-degree assault

pursuant to Penal Law § 120.05 (6) and dismissing that count of the indictment, and otherwise affirmed.

We vacate defendant's conviction for assault "[i]n the course of and in furtherance of the commission or attempted commission of a felony," (Penal Law § 120.05 [6]) because he was acquitted of the underlying felony of criminal mischief in the third degree, and attempted criminal mischief (*see* Penal Law § 110.00) was neither submitted to the jury nor explained to it by the court (*see People v Sanchez*, 128 AD2d 377 [1987]). In this respect, the verdict was repugnant under the court's charge, and the court should have granted defendant's timely application to resubmit these verdicts to the jury.

Defendant's conviction for intentional assault (Penal Law § 120.05 [1]) is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). There is no basis for disturbing the jury's determinations concerning credibility. Defendant's intent to cause serious physical injury can be inferred from his actions (*see e.g. People v Walker*, 30 AD3d 215 [2006], *lv denied* 7 NY3d 796 [2006]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see Almendarez-Torres v United States*, 523 US 224 [1998]; *People v Rivera*, 5 NY3d 61, 67 [2005], *cert denied* 546 US —, 126 S Ct 564 [2005]; *People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Concur—Buckley, P.J., Saxe, Williams, Sweeny and Malone, JJ.