■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WILLIAMS, Appellant. [847 NYS2d 717]—

Peters, J. Appeal from a judgment of the Supreme Court (Sheridan, J.), rendered June 10, 2002 in Essex County, upon a verdict convicting defendant of the crimes of assault in the second degree (three counts) and obstructing governmental administration in the second degree.

Defendant, a prisoner at the Adirondack Correctional Facility in Essex County, was charged with three counts of assault in the second degree and one count of obstructing governmental administration in the second degree as a result of a physical altercation involving three correction officers on September 13, 2001. Following a jury trial, he was convicted on all charges and, thereafter, sentenced as a second felony offender to concurrent terms of imprisonment of five years for each count of assault, and one year for obstructing governmental administration. This sentence was to run consecutive to defendant's underlying prison term.

Upon appeal, defendant challenges the sufficiency of the evidence supporting the convictions for assault by contending that the People failed to prove that the correction officers sustained "physical injury" within the meaning of Penal Law § 120.05 (7). Applying the well-established test for a review of this claim (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Betters*, 41 AD3d 1040, 1041 [2007]), we note that the physical injury required is an " 'impairment of physical condition or substantial pain' " (*People v Chiddick*, 8 NY3d 445, 447 [2007], quoting Penal Law § 10.00 [9]; *see People v Travis*, 273 AD2d 544, 548 [2000]). "[W]hile 'slight or trivial pain' is insufficient, the '[p]ain need not, however, be severe or intense to be substantial' " (*People v Rivera*, 42 AD3d 587, 588 [2007], *lv denied* 9 NY3d 880 [2007], quoting *People v Chiddick*, 8 NY3d at 447).

Here, Correction Officer Dean LaClair testified that two days after the September 11, 2001 terrorist attacks, he heard defen-

dant, an African American of Muslim faith, state, on his way to the prison mess hall, that "all you white devils should have died in the Trade Center." When LaClair interrupted defendant and requested that he produce his prison identification card, defendant told LaClair, "I could kill you." LaClair then contacted his supervisor, Gregory Boynton, for assistance. Boynton and two other correction officers, Michael LeClair and Scott Hutchins, responded to the scene.

LeClair, Hutchins and Boynton restrained defendant before escorting him to the special housing unit (hereinafter SHU). Since a strip search is a prerequisite to SHU admission, LeClair took defendant behind a privacy curtain and removed his hand restraints. Defendant then struck LeClair in his left cheek with his elbow, causing LeClair to fall to the floor. Experiencing a severe sharp pain in his cheek area and some swelling, LeClair left work that day, but returned on the following day. The pain lasted for about two days and the swelling subsided after a couple of days.

Boynton testified that when he and Hutchins came to assist LeClair, defendant "cocked back [his arm], a fist was made, and he threw the punch the second my head came through the curtain." Despite having been punched in the neck, Boynton attempted to restrain defendant, injuring his left knee and tearing the tendons in his right arm. Boynton suffered immediate pain from the punch which he equated with a severe toothache. It became steady and throbbing, growing worse over time. As a result of this incident, Boynton attended physical therapy for approximately 1½ months, was prescribed medication, had problems sleeping and continued to experience a limited range of motion in his neck.

Hutchins saw defendant hit Boynton. When Hutchins entered the curtained area, defendant hit him in the area of his neck and ear on the left side of his face. He saw a bright flash, almost lost consciousness and suffered from such a severe headache that he had to leave work; he stayed home the following day and suffered from a slight contusion that was tender for about 10 days. Hutchins visited his personal physician, was given some Tylenol and received no further treatment.

Barbara Bashaw, a nurse employed at the facility, testified that her examination of Boynton revealed swelling on the side of his neck and his knee, with a limited range of motion in his neck, right wrist and elbow. As to Hutchins, she noted that the left side of his neck was visibly bruised and swollen. As to LeClair, the left side of his jaw was swollen and bruised, but there was no evidence of bruising around his left eye or cheek.

In addition, his blood pressure was high. Defendant's examination revealed a redness and red mark in the area of his right shoulder without any other abrasions, bruises or skin breaks.

In our view, this evidence was clearly sufficient for the jury to have concluded that both Boynton and Hutchins sustained a physical injury within the meaning of Penal Law § 10.00 (9) (*see People v Porter*, 305 AD2d 933, 934 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Conseillant*, 289 AD2d 1048, 1048 [2001], *lv denied* 98 NY2d 674 [2002]). Further evaluating this evidence in a neutral light and considering defendant's unequivocal testimony that he did not assault the correction officers, we find that the jury's verdict pertaining to Boynton and Hutchins was not against the weight of the evidence (*see People v Studstill*, 27 AD3d 833, 834 [2006], *lv denied* 6 NY3d 898 [2006]; *People v Porter*, 305 AD2d at 934).

As to LeClair, the evidence was insufficient to meet the requisite objective level of proof to demonstrate physical injury (*see People v Thomas*, 274 AD2d 761, 762 [2000], *lv denied* 95 NY2d 939 [2000]; *People v Winchester*, 14 AD3d 939, 940 [2005], *lv denied* 5 NY3d 796 [2005]). However, as there was sufficient evidence demonstrating that defendant intended to cause physical injury to LeClair, defendant should have been convicted of the lesser included offense of attempted assault in the second degree (*see* Penal Law §§ 110.00, 120.05 [7]).

Finally, there is no merit to defendant's contention that he was denied the effective assistance of counsel when we consider the totality of the circumstances and the representation provided (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Anderson*, 38 AD3d 1061, 1063 [2007], *lv denied* 8 NY3d 981 [2007]). Moreover, there is no viable challenge to defendant's sentence as it falls within the statutory parameters and the record reveals no clear abuse of discretion or the existence of extraordinary circumstances (*see People v Studstill*, 27 AD3d at 834).

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered, that the judgment is modified, on the law, by reducing defendant's conviction of assault in the second degree under count two of the indictment to attempted assault in the second degree; vacate the sentence imposed on said conviction and matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed.