Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered June 8, 2011, convicting him of assault in the second degree, assault in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant was charged with various crimes arising out of two incidents that occurred in September 2009 in the Windsor Terrace section of Brooklyn. With respect to the first incident, which resulted in the defendant’s conviction of assault in the third degree, the defendant contends that the evidence was not legally sufficient to establish that the complainant suffered “physical injury” (Penal Law §§ 10.00 [9]; 120.00 [1]). This *1004 contention is unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt with respect to the conviction of assault in the third degree, as the People presented sufficient evidence showing that the victim suffered substantial pain, which is defined in the Penal Law as meaning “physical injury” (Penal Law §§ 10.00 [9]; 120.00 [1]; see People v Chiddick, 8 NY3d 445, 447-448 [2007]; People v Contes, 60 NY2d 620, 621 [1983]; People v Monserrate, 90 AD3d 785, 787-788 [2011]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt of assault in the third degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]; People v Monserrate, 90 AD3d at 788).
With respect to the second incident, which resulted in the defendant’s conviction, inter alia, of assault in second degree, the defendant contends that the evidence was not legally sufficient to prove that he intended to cause the complainant physical injury and caused that injury by means of a knife. Viewing the evidence in the light most favorable to the prosecution, we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt with respect to the conviction of assault in the second degree (see People v Contes, 60 NY2d at 621). Moreover, we are satisfied that the verdict of guilt of assault in the second degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). The testimony as to the circumstances surrounding the second incident established the defendant’s motive and intent to injure the complainant. Moreover, the testimony as to the incident itself demonstrated the defendant’s central role in, and control of, the attack on the complainant. Additionally, the testimony supported the conclusion that the injury to the complainant’s face occurred early in the incident, when the defendant himself struck the complainant. Finally, although no one saw the weapon, the medical records and the photographs of the complainant’s face and arm, which were admitted into evidence, permitted the inference that the complainant’s injuries were caused by a knife.
The defendant’s contention that the Supreme Court improp *1005 erly allowed the People to amend the indictment is without merit (see CPL 200.70 [1]). First, the amendment did not change the People’s theory of the case (see People v Spann, 56 NY2d 469, 473-474 [1982]; People v Petterson, 103 AD2d 811, 812 [1984]; cf. People v Gachelin, 237 AD2d 300, 301-302 [1997]; People v Powell, 153 AD2d 54, 57-58 [1989]). Moreover, the defendant has not shown that he was prejudiced by the amendment (see People v Lyons, 60 AD3d 869, 870 [2009]; People v Hood, 194 AD2d 556, 557 [1993]; People v Petterson, 103 AD2d at 812). Eng, P.J., Balkin, Lott and Roman, JJ., concur.