■ The People of the State of New York, Respondent, v Freddy Uceta, Appellant. [6 NYS3d 149]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered April 26, 2013, convicting him of assault in the second degree, obstructing governmental administration in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The complainant, a police officer, testified that as he was arresting the defendant for illegally selling Metrocard "swipes," the defendant resisted arrest, a struggle ensued, and the complainant fell on subway stairs and hit his head on the railing. When the complainant hit his head on the railing, he felt a "sharp bang" followed by a "whiteout and then tunnel vision." The complainant felt a "sharp pain" and was bleeding profusely from his head for approximately 30-45 minutes after the subject incident. The complainant was promptly treated at a hospital and received stitches. Later that same day, the complainant had a "splitting headache," for which he took Tylenol for a period of three days. The complainant also experienced swelling, with the bump on his head becoming the size of "a tennis ball cut in half." As a result of the incident, the complainant missed seven days of work.

Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the physical injury element of the crime of assault in the second degree beyond a reasonable doubt (*see* Penal Law §§ 10.00 [9]; 120.05 [3]; *People v Rose*, 120 AD3d 593, 594 [2014]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Balkin, J.P., Hall, Roman and Cohen, JJ., concur.