■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID CARABALLO, Appellant. [26 NYS3d 148]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Latella, J.), rendered May 9, 2013, convicting him of robbery in the second degree (two counts) and assault in the second degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing (McGann, J.), of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is modified, on the law, by vacating the defendant's convictions of robbery in the second degree under counts three and four of the indictment, and assault in the second degree under count six of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment against the defendant; as so modified, the judgment is affirmed.

The defendant, and a codefendant, Davone Torres, were convicted after a nonjury trial of two counts of robbery in the second degree and two counts of assault in the second degree in connection with an incident that occurred on October 22, 2011. The complainant, Gary Stopa, an off-duty detective with

the New York City Police Department, testified that, while walking his dog in Far Rockaway, Queens, he was approached by a juvenile, who, brandishing a fake handgun resembling a Glock pistol, attempted to rob him. Stopa identified himself as a police officer and pointed his off-duty firearm at the juvenile, who dropped the fake gun and ran away, leaving the fake gun behind. Stopa placed the fake gun in the front pocket of his sweatshirt. Stopa called the 911 emergency number to report the incident and was putting a leash on his dog when the defendant approached him on a bicycle. While Stopa was still on the mobile phone with the 911 operator and tending to his dog, the defendant got off of the bicycle and, pointing a gun at Stopa, demanded that he hand over his off-duty firearm. Stopa grabbed the gun from the defendant's hand and a struggle ensued. During the struggle, Stopa broke the slide off the gun that the defendant was holding and dropped it on the ground.

The codefendant, who had been lingering nearby, charged toward Stopa. In response, Stopa drew his off-duty firearm and identified himself as a police officer. The codefendant reportedly hesitated, but then continued to charge at Stopa. The defendant and codefendant wrestled with Stopa for control of Stopa's off-duty firearm. Ultimately, Stopa managed to discharge his gun and the defendant and codefendant ran off.

It was only after the incident that Stopa realized that the gun which the defendant had pointed at him was the same fake gun that Stopa had placed in the front pocket of his sweatshirt. Stopa testified that the defendant had managed to remove the fake gun from his front pocket without his knowledge while he had been tending to his dog and speaking to the 911 operator. Stopa alleged that as a result of the incident, he suffered, inter alia, tremendous pain in his shoulder, which required multiple surgeries and limited the range of motion in his shooting arm. The defendant and codefendant were indicted and charged with, inter alia, two counts of robbery in the second degree in connection with the fake gun and two counts of assault in the second degree.

We agree with the defendant that the evidence was legally insufficient to prove beyond a reasonable doubt his guilt of robbery in the second degree pursuant to Penal Law § 160.10 (1) and (2) (a), based on the alleged robbery of the fake gun (*see People v Torres*, 130 AD3d 1082, 1083-1084 [2015]). Under these provisions, a person is guilty of robbery in the second degree when that person forcibly steals property and (1) that person is aided by another person actually present (Penal Law § 160.10 [1]), or (2), in the course of the commission of the

crime or immediate flight therefrom, that person or another participant in the crime causes physical injury to any person who is not a participant in the crime (Penal Law § 160.10 [2] [a]). A person forcibly steals property and commits robbery when, in the course of committing a larceny, that person uses or threatens the immediate use of physical force upon another person for the purpose of preventing or overcoming resistance to the taking of property or to the retention thereof immediately after the taking or for the purpose of compelling the owner of such property or another person to deliver the property or to engage in other conduct which aids in the commission of the larceny (Penal Law § 160.00).

Here, Stopa's testimony, and the rational inferences that could be drawn therefrom, did not establish that the defendant used force when he took the fake gun from Stopa's pocket. Even viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), there was no evidence that either the defendant or the codefendant forcibly took the fake gun from Stopa. Therefore, the evidence was legally insufficient to establish the defendant's guilt of robbery in the second degree beyond a reasonable doubt (*see People v Torres*, 130 AD3d at 1083-1084).

We must also vacate the defendant's conviction of assault in the second degree under Penal Law § 120.05 (6) on the ground that the evidence was legally insufficient to support that conviction. The statute is satisfied when a defendant intentionally causes physical injury in the course and furtherance of the commission or attempted commission of a felony, or during the immediate flight therefrom (*see* Penal Law § 120.05 [6]). A conviction of an underlying felony contained in the indictment or its attempted commission is an essential element of the crime (*see People v Sanchez*, 128 AD2d 377, 378 [1987]). Since we are vacating the defendant's convictions of robbery in the second degree, the conviction of assault in the second degree pursuant to Penal Law § 120.05 (6) must be vacated as well (*see People v Torres*, 130 AD3d at 1084; *People v McCallop*, 34 AD3d 360, 361 [2006]).

However, contrary to the defendant's contention, the evidence was legally sufficient to establish, beyond a reasonable doubt, his guilt of assault in the second degree under Penal Law § 120.05 (3). Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d at 621), we find that it was legally sufficient to establish the defendant's guilt of that crime. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence

(*see* CPL 470.15; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict finding the defendant guilty of assault in the second degree under Penal Law § 120.05 (3) was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Gurgov*, 129 AD3d 989 [2015]).

To sustain a conviction under Penal Law § 120.05 (3), the People were required to prove that the defendant, with intent to prevent a police officer from performing a lawful duty, caused physical injury to such police officer (*see People v Hurdle*, 106 AD3d 1100, 1103-1104 [2013]; *People v Sawyer*, 270 AD2d 293, 294 [2000]). Here, the factfinder reasonably determined that all of the statute's elements were established (*see People v Bueno*, 18 NY3d 160 [2011]; *People v Sawyer*, 270 AD2d at 294). Although Stopa testified that he did not identify himself as a police officer when the defendant first initiated the struggle over Stopa's off-duty firearm, it was reasonable for the factfinder to conclude that the defendant heard Stopa verbally identify himself as a police officer when the codefendant joined in the altercation and charged at Stopa. The record further supports the conclusion that, even after hearing Stopa identify himself as a police officer, the defendant twisted Stopa's arm in an attempt to gain control of his gun and point it at Stopa. Stopa testified that he was forced to spin in circles to avoid facing the muzzle of his own gun and that one bullet was discharged, passing by his left ear. Stopa testified that the defendant then punched him in the face, knocking off his glasses. Stopa testified that he fell to the ground after losing his balance and that the defendant remained on top of him, continuing the attack. The altercation ended only after Stopa managed to discharge the remaining rounds of his weapon, causing the defendant and codefendant to flee. Regarding the physical injury element, the People established, through the testimony of Stopa, that he received a painful shoulder injury in the altercation, which required surgery and several months of physical therapy (*see* Penal Law § 10.00 [9]; *People v Torres*, 130 AD3d at 1085; *People v Peterson*, 71 AD3d 1419 [2010]; *People v Williams*, 46 AD3d 1115 [2007]).

The defendant's contentions with respect to the denial of that branch of his omnibus motion which was to suppress identification testimony are unpreserved for appellate review

(*see* CPL 470.05 [2]) and, in any event, without merit (*see People v Robert*, 184 AD2d 597, 598 [1992]).

The sentence imposed on the conviction of assault in the second degree under count five of the indictment was neither illegal nor excessive (*see People v Araujo*, 101 AD3d 741 [2012]; *People v Suitte*, 90 AD2d 80 [1982]). Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.