■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALEEK McCLOUGH, Appellant. [26 NYS3d 480]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Peck, J.), rendered September 8, 2014, convicting him of assault in the second degree (two counts) and criminal contempt in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

After a nonjury trial, the defendant was convicted of two counts of assault in the second degree and one count of criminal contempt in the second degree.

The defendant's contention that his convictions of assault in the second degree were not supported by legally sufficient evidence because the People failed to prove the "physical injury" element of that offense (Penal Law § 120.05 [3]) is unpreserved for appellate review, as defense counsel did not raise that argument on his motion to dismiss (see CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Rivera*, 126 AD3d 818, 819 [2015]; *People v Elie*, 110 AD3d 1003, 1004 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the "physical injury" element beyond a reasonable doubt (see Penal Law §§ 10.00 [9]; 120.05 [3]; *People v Uceta*, 127 AD3d 1002 [2015]; *People v Elie*, 110 AD3d at 1004). Further, contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (see *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the "lawful duty" element of the crime of assault in the second degree beyond a reasonable doubt (see Penal Law § 120.05 [3]; *People v Torres*, 130 AD3d 1082, 1085 [2015]; *People v Sawyer*, 270 AD2d 293, 294 [2000]), and the defendant's guilt of criminal contempt in the second degree (see Penal Law § 215.50 [1]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to the crimes of which the defendant was convicted was not against the weight of the evidence (see *People v Romero*, 7 NY3d 633 [2006]). Eng, P.J., Rivera, Hall and Hinds-Radix, JJ., concur.