■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BARNEY RIVERA, Appellant. [30 NYS3d 226]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Berkowitz, J.), rendered November 30, 2012, convicting him of attempted assault in the first degree, assault in the second degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court erred in denying his request for an intoxication charge is unpreserved for appellate review because he failed to request such a charge (*see* CPL 470.05 [2]). In any event, there was insufficient evidence to support an inference that the defendant was so intoxicated as to be unable to form the requisite criminal intent (*see People v Beaty*, 22 NY3d 918 [2013]; *People v Gaines*, 83 NY2d 925 [1994]; *People v Lynch*, 92 AD3d 805 [2012]; *People v Smith*, 36 AD3d 633 [2007]).

Contrary to the defendant's contention, the Supreme Court properly denied his request to charge reckless assault in the second degree (Penal Law § 120.05 [4]) as a lesser-included offense of attempted assault in the first degree (Penal Law §§ 110.00, 120.10 [1]). "To establish entitlement to a lesser included offense charge, the defendant must make two showings. First, it must be shown that the additional offense that he desires to have charged is a 'lesser included offense', i.e., that it is an offense of lesser grade or degree and that in all circumstances, not only in those presented in the particular case, it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense. That established, the defendant must then show that there is a reasonable view of the evidence in the particular case that would support a finding that he committed the lesser offense but not the greater" (*People v Glover*, 57 NY2d 61, 63

[1982]). Here, the first prong of *Glover* is not satisfied because it is possible to commit attempted assault in the first degree without committing reckless assault (*see People v Groom*, 188 AD2d 674 [1992]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780 [1992]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80, 85-86 [1982]). Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.