■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISHMAEL CALLISTRO, Appellant. [46 NYS3d 625]—Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Rooney, J.), rendered February 14, 2013, convicting him of assault in the second degree (three counts), reckless endangerment in the first degree, criminal mischief in the third degree, criminal mischief in the fourth degree (three counts), and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the People failed to adduce

legally sufficient evidence to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the People (*see People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Caraballo*, 136 AD3d 937, 939 [2016]; *People v Torres*, 130 AD3d 1082, 1085 [2015]; *People v Lindsey*, 52 AD3d 527, 528 [2008]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero*, 7 NY3d 633, 640-641 [2006]; *People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel under the Constitution of the State of New York because, in view of the totality of defense counsel's performance, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The Supreme Court did not err in discharging a sworn juror, as the court properly conducted a thorough inquiry of the juror in the presence of the attorneys and the defendant (*see People v Buford*, 69 NY2d 290, 298-299 [1987]) and correctly discharged the juror based on the juror's expressed concerns of distraction and inability to deliberate objectively due to housing and financial issues (*see People v Wells*, 63 AD3d 967, 968 [2009], *affd* 15 NY3d 927 [2010]; *People v Daniels*, 59 AD3d 730, 730 [2009]).

The defendant's challenge to the Supreme Court's instructions to the jury is unpreserved for appellate review, as he failed to request the specific instruction or object to the charge given (*see* CPL 470.05 [2]; *People v Rivera*, 138 AD3d 1037 [2016]; *People v Bradford*, 137 AD3d 928 [2016]). In any event, the charge given to the jury properly stated the applicable legal principles (*see* CPL 300.10 [2]; *People v Samuels*, 99 NY2d 20, 25-26 [2002]; *People v McDonald*, 283 AD2d 592, 593 [2001]; *People v McMillan*, 234 AD2d 1006 [1996]).

The defendant's contention that the verdict was repugnant is unpreserved for appellate review, as he failed to raise the issue before the discharge of the jury (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Boley*, 116 AD3d 965, 966 [2014]).

Although the issue was raised in the defendant's CPL 330.30 motion, this was insufficient to preserve the claim for review on appeal (*see People v Boley*, 116 AD3d at 966). In any event, the elements of the assault in the second degree counts, of which the defendant was convicted, were not negated by the disposition of the count of criminal sale of a controlled substance in the third degree because the jury did not return a verdict of not guilty on that count. Rather, the Supreme Court granted the defendant's application to dismiss that count of the indictment (*see People v Brown*, 102 AD3d 704, 705 [2013]; *People v Granston*, 259 AD2d 760, 761 [1999]). Rivera, J.P., Chambers, Roman and LaSalle, JJ., concur.