People v Fonvil (2021 NY Slip Op 02542)





People v Fonvil


2021 NY Slip Op 02542


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
COLLEEN D. DUFFY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2018-10697
 (Ind. No. 17-00127)

[*1]The People of the State of New York, respondent,
v
Vilair Fonvil, appellant.


Charles E. Holster III, Garden City, NY, for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Tina L. Guccione of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Rockland County (Kevin F. Russo, J.), rendered September 17, 2018, convicting him of corrupting the government in the third degree, grand larceny in the third degree as a crime of public corruption, money laundering in the fourth degree, and receiving reward for official misconduct in the second degree, after a nonjury trial, and imposing sentence.
ORDERED that the judgment is affirmed, and the matter is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 530.45(6).
The defendant, a trustee of the Village of Spring Valley, was charged with corrupting the government in the third degree, grand larceny in the third degree as a crime of public corruption, money laundering in the fourth degree, and receiving reward for official misconduct in the second degree in connection with the administration of a summer camp program for children in the summer of 2016. Following a nonjury trial, the defendant was convicted of all charges. The defendant appeals.
The County Court properly granted the People's application to amend count 1 of the indictment. Contrary to the defendant's contention, the amendment did not change the theory of the People's case or cure a legal insufficiency of the factual allegations (see CPL 200.70[1]; see generally People v Elie, 110 AD3d 1003, 1005; People v Luna, 270 AD2d 501, 502). The relevant count of the indictment specifically referred to the Penal Law section under which the defendant was being charged and, thus, "constitute[d] an expression of all the elements of the crime required for conviction" (People v Dudley, 289 AD2d 503, 504; see People v Smith, 98 AD3d 533, 533-534).
The defendant's challenge to the legal sufficiency of the evidence is partially unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of the crimes of which he was convicted beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on each of those counts was not against the weight of the evidence (see CPL 470.15[5]).
RIVERA, J.P., DUFFY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court