■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL POOLE, Appellant. [9 NYS3d 54]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered January 15, 2013, convicting de-

fendant, after a jury trial, of assault in the second degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.

The verdict was supported by legally sufficient evidence, and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). Contrary to defendant's argument, the evidence established that defendant acted with intent to prevent the victim, a police officer, from performing a lawful duty, namely placing defendant in a police vehicle immediately after he had been arrested. The arrest was lawful, because the officer had probable cause to arrest defendant for harassment in the second degree, disorderly conduct, or both.

With regard to harassment, the injured officer and other officers were investigating defendant's alleged possession of a firearm, as reported in a 911 call, and confirmed through an interview with the caller on the scene. Once the officers detained defendant in a hotel hallway and began to frisk him, he resisted by moving his body around, made violent gestures, said that he would be able to beat up an officer if there were not so many of them around, and stated that he was going to kill a particular officer. Defendant's argument that he merely used harsh language against the police is unavailing, since the circumstances established that a reasonable officer would interpret his statements as genuine threats, based on all the preceding circumstances (compare People v Baker, 20 NY3d 354, 362 [2013] [abusive, but nonthreatening language]).

As for disorderly conduct, contrary to defendant's argument, there was probable cause with respect to the public harm element, given that defendant's loud and tumultuous conduct occurred in the hallway of a hotel at a time when many guests would presumably be in their rooms (see People v Weaver, 16 NY3d 123, 128-129 [2011]). Indeed, defendant's "very vocal and aggressive confrontation" (id. at 129) with the police caused a commotion prompting multiple hotel guests to peer out of their rooms at the incident.

We perceive no basis for reducing the sentence.

We have considered all other claims and find them unavailing. Concur—Gonzalez, P.J., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.

---

The decision and order of this Court entered herein on February 17, 2015 (125 AD3d 493 [2015]) is hereby recalled and vacated (see 2015 NY Slip Op 74055[U] [2015] [decided simultaneously herewith]).