The People of the State of New York, Respondent,
against
Erick Wallace, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Anthony J. Ferrara, J.), rendered June 24, 2014, convicting him, after a nonjury trial, of trespass, and imposing sentence and (2) a judgment of conviction (same court and Judge), rendered June 24, 2014, convicting him, upon a plea of guilty, of disorderly conduct, and imposing sentence.




Per Curiam.
Judgments of conviction (Anthony J. Ferrara, J.), each rendered June 24, 2014, affirmed. 
The accusatory instrument charging defendant with trespass (see Penal Law § 140.05) under docket number 2011NY013454 was not jurisdictionally defective. The factual portion of the instrument alleged, inter alia, that when defendant "continued to yell and scream" at deponent police officer "inside 2207 Amsterdam Avenue," a location where deponent was "busy with police paperwork," deponent "asked the defendant to leave the above mentioned location and the defendant refused to leave." These factual allegations, given "a fair and not overly restrictive or technical reading" (People v Casey 95 NY2d 354, 360 [2000]), were sufficient, for pleading purposes, to establish the elements of the charged offense, including that defendant knowingly remained unlawfully in the premises, by defying a lawful order excluding him from the premises, personally communicated to him by a person authorized to make the order (see People v Leonard, 62 NY2d 404, 408 [1984]). The allegations were also sufficient to establish that the incident occurred in a "premises" (see Penal Law § 140.05), i.e., a "building" in which the deponent police officer was "carrying on business" (Penal Law § 140.00[1],[2]).
Nor was the accusatory instrument charging disorderly conduct (see Penal Law § 240.20) under docket number 2011 NY085376 jurisdictionally defective. The public harm element of the offense was properly inferable from allegations that at 7:55 p.m., at Broadway and 172nd Street, defendant "screamed" numerous threats and obscenities at the police, including "f___ the police" and "if they take the uniform off I will f___ them up ... I will f___ you up," conduct that "caused approximately thirty (30) people to gather" (see People v Weaver, 16 NY3d 123, 128 [2011]; see People v Lepard, 83 AD3d 1214, 1215—1216 [2011], lv denied 18 NY3d 925 [2012]; see also People v Poole, 128 AD3d 576 [2015], lv denied 26 NY3d 1111 [2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 22, 2018