THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALAM SECK, Appellant. [4 NYS3d 209]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered January 27, 2011, convicting defendant, after a nonjury trial, of two counts of disorderly conduct, and sentencing him to a conditional discharge, five days of community service and a $250 fine, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). Defendant was convicted of disorderly conduct under a theory that he recklessly created a risk of public inconvenience, annoyance, or alarm by obstructing pedestrian traffic (*see* Penal Law § 240.20 [5]), and by congregating with other persons in a public place and refusing to comply with a lawful order of the police to disperse (*see* Penal Law § 240.20 [6]). The People's proof demonstrated that a police officer observed defendant and others friends standing on the sidewalk obstructing pedestrian traffic. When the officer approached defendant and ordered the men to disperse, defendant repeatedly refused, and pushed the officer. When the officer attempted to place defendant in handcuffs, defendant began yelling, and grabbed the officer's pepper spray and radio. At this point, defendant's associates surrounded defendant and the officer. This evidence established the elements of the two types of disorderly conduct at issue.

The original and superseding accusatory instruments were not jurisdictionally defective, since they sufficiently alleged the above-discussed offenses (*see generally People v Jackson*, 18 NY3d 738, 741 [2012]). Concur—Mazzarelli, J.P., DeGrasse, Richter and Feinman, JJ.