OPINION OF THE COURT
Per Curiam.
Judgment of conviction, rendered September 7, 2012, affirmed.
Defendant was convicted, after a nonjury trial, of two counts of disorderly conduct, arising from her participation in an “Occupy Wall Street” protest. Defendant’s present arguments relating to the legal sufficiency of the evidence, to the extent preserved for appellate review, are lacking in merit. Nor was the verdict against the weight of the evidence. The People’s proof established that defendant obstructed pedestrian traffic (see Penal Law § 240.20 [5]) by laying down on a busy Wall Street sidewalk at 4:00 p.m. on a trading day, side-by-side with other “Occupy” protestors, and refused to comply with a lawful police order to disperse (see Penal Law § 240.20 [6]). This evidence established the elements of the two types of disorderly conduct at issue (see People v Seck, 126 AD3d 574 [2015], lv denied 25 NY3d 1171 [2015]).
Furthermore, defendant testified that she had been trained in “street tactics,” including how to “form a wall” and “blockade” pedestrian and vehicular traffic, and that the “Occupy Wall Street” demonstrators chose that particular time and location (and also chose to lie down, rather than stand) in order to communicate their message about the injustices created by Wall Street “to as many people as possible.” In fact, defendant flatly acknowledged that potentially obstructing pedestrian traffic “wasn’t going to stand in the way of . . . advancing her message.” It is no wonder, then, that defendant expressly conceded at oral argument before this court that she possessed the requisite mens rea to sustain her convictions, i.e., that she acted with intent to cause public inconvenience, annoyance or alarm, or recklessly created a risk thereof (see People v Weaver, 16 NY3d 123 [2011]), and abandoned her legal sufficiency challenge with respect to this element.
*13 The dissent’s assertion that the video recording of the incident demonstrates interference with only a “minuscule” number of pedestrians in the “open pedestrian plaza” (dissenting op at 14) around Wall Street ignores critical and indisputable evidence on that video recording, including that the police placed barricades around the subject pedestrian area due to this demonstration, as well as a larger simultaneous demonstration that was occurring directly across the street; that scores of pedestrians were pinned against the barricades; and that the police can be heard yelling “keep back” at the crowd, which was understandably precluded from traversing across the subject sidewalk for fear of trampling the protesters.
Defendant’s claim that the police department, in violation of the First Amendment, instituted a “complete ban on lying down on sidewalks as a form of protest,” finds no support in the record and, in any event, was not raised below and, therefore, is unpreserved for our review. Nevertheless, it is well settled that a state may prohibit a speaker from “taking [her] stand in the middle of a crowded street, contrary to traffic regulations . . . since such activity bears no necessary relationship” to the freedom of speech (see Schneider v State of New Jersey [Town of Irvington], 308 US 147, 160-161 [1939]; see also Cox v New Hampshire, 312 US 569, 574 [1941]; Jones v Parmley, 465 F3d 46, 56-57 [2d Cir 2006]). As this court held in People v Penn (48 Misc 2d 634, 638 [App Term, 1st Dept 1964], affd 16 NY2d 581 [1965]), protests and demonstrations are “subject to reasonable regulation and control in the interest of public safety and order.” When conduct, even taking the form of protest, substantially interferes with vehicular or pedestrian traffic, prosecutions for disorderly conduct are appropriate and constitutional (see People v Turner, 48 Misc 2d 611 [1965], affd 17 NY2d 829 [1966]).