The People of the State of New York, Respondent,
against
Recai Iskender, Defendant-Appellant.



Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Robert M. Mandelbaum, J.), rendered June 21, 2013, after a nonjury trial, convicting him of disorderly conduct and harassment in the second degree, and imposing sentence.




Per Curiam.
Judgment of conviction (Robert M. Mandelbaum, J.), rendered June 21, 2013, affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348—349 [2007]). There is no basis to disturb the court's determinations concerning credibility. With respect to the disorderly conduct charge, the People's proof demonstrated that defendant, a participant at a rally with several hundred other demonstrators, was standing outside the barricaded area designated for rally-goers, blocking pedestrian traffic, and ignoring numerous police requests to disperse (see Penal Law § 240.20[6]; People v Seck, 126 AD3d 574 [2015], lv denied 25 NY3d 1171 [2015]). Defendant's intent to cause public inconvenience, annoyance or alarm, or recklessly create a risk thereof, could be readily inferred from the circumstances (see People v Baker, 20 NY3d 354, 360 [2013]).
Defendant's guilt of second-degree harassment was established by evidence that defendant rammed a metal pole into a police officer and repeatedly kicked the officer in the shins (see Penal Law § 240.26[1]). Defendant's course of conduct supports the inference that he struck the officer with the requisite intent to "harass, annoy or alarm" (Penal Law § 240.26; see People v Mack, 76 AD3d 467 [2010], lv denied 15 NY3d 922 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: May 30, 2018