The People of the State of New York, Respondent,
against
John Boyle, Defendant-Appellant.



In consolidated appeals, defendant appeals from (1) a judgment of the Criminal Court of the City of New York, New York County (Matthew A. Sciarrino, J.), rendered June 18, 2012, after a nonjury trial, convicting him of criminal trespass in the third degree, and imposing sentence and (2) a judgment of conviction (Neil E. Ross, J.), rendered February 4, 2013, after a nonjury trial, convicting him of disorderly conduct, and imposing sentence.




Per Curiam.
Judgment of conviction (Neil E. Ross, J.), rendered February 4, 2013, affirmed. Appeal from judgment of conviction (Matthew A. Sciarrino, J.), rendered June 18, 2012, dismissed as abandoned.
The defendant's challenge to the legal sufficiency of the evidence is only partially preserved for appellate review. In any event, viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish defendant's guilt of congregating with other persons in a public place and refusing to comply with a lawful order of the police to disperse (see Penal Law § 240.20[6]). The People's proof demonstrated that defendant, who had joined a large group of Occupy Wall Street demonstrators moving west from Washington Square Park, stopped at the southwest corner of Washington and West 13th Streets in Manhattan and blocked pedestrian traffic, stood directly in front of a police lieutenant, screamed and pointed at the officer, and repeatedly refused to comply with lawful police orders to disperse (see Penal Law § 240.20[6]; People v Seck, 126 AD3d 574 [2015], lv denied 25 NY3d 1171 [2015]; People v Carty, 55 Misc 3d 11 [App Term, 1st Dept 2016], lv denied 29 NY3d 1077 [2017]). Contrary to defendant's present challenge to the lawfulness of the police order, the circumstances present here do not indicate any arbitrariness on the part of the police officer in ordering the crowd to disperse, charged as he was with maintaining public order (see People v Todaro, 26 NY2d 325, 328-329 [1970]). Defendant's intent to cause public inconvenience, annoyance or alarm, or recklessness in creating such a risk, [*2]could be readily inferred from the circumstances (see People v Baker, 20 NY3d 354, 360 [2013]).
Nor was the verdict against the weight of the evidence (see People v Danielson, 9 NY3d 342, 349 [2007]). There is no basis for disturbing the trial court's credibility determinations. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: February 28, 2019