Platt v Windsor Owners Corp. (2021 NY Slip Op 04093)





Platt v Windsor Owners Corp.


2021 NY Slip Op 04093


Decided on June 24, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 24, 2021

Before: Gische, J.P., Webber, Oing, González, JJ. 


Index No. 650553/20 Appeal No. 14129 Case No. 2020-04199 

[*1]Elaine Platt, Plaintiff-Appellant,
v
Windsor Owners Corp., Defendant-Respondent.


Elaine Platt, New York, appellant pro se.
Smith, Gambrell & Russell, LLP, New York (Daniel S. Goldstein of counsel), for respondent.



Order, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about September 23, 2020, which granted defendant's motion to dismiss pursuant to CPLR 3211(a)(7) and denied plaintiff's cross motion for summary judgment pursuant to CPLR 3211(c), unanimously affirmed, without costs.
Plaintiff (Platt) did not seek indemnification pursuant to Business Corporation Law (BCL) § 722(c); rather, she requested indemnification under Article IV, Section 1(a) of defendant's (Windsor) bylaws. BCL 722 is not an exclusive remedy and does not per se bar this action (see e.g. BCL 721; Baker v Health Mgt. Sys., 98 NY2d 80, 88 [2002]). Moreover, because BCL 724 does not apply to this action, it cannot be the basis for a dismissal.
Nevertheless, the action was properly dismissed. Article IV, Section 1(a) of the By-laws provides:
"Any person made a party to an action by or in the right of the corporation [i.e., Windsor] . . . by reason of the fact that he . . . is or was a director . . . shall be indemnified by this corporation against the reasonable expenses, including attorneys' fees, actually and necessarily incurred by him, in connection with the defense of such action, or in connection with an appeal therein, except in relation to matters as to which such director . . . is adjudged to have breached his duty to the corporation under Section 717 of the [BCL] and except with respect to those amounts and expenses referred to in Paragraph (b) of Section 722 of the [BCL]."[FN1]
BCL 717(a) provides in pertinent part:
"(a) A director shall perform his duties as a director, including his duties as a member of any committee of the board upon which he may serve, in good faith and with that degree of care which an ordinarily prudent person in a like position would use under similar circumstances . . ."
Plaintiff's claims for attorneys' fees arise from a 2016 action in which Windsor sued her for divulging matters of attorney client privilege to which she had access as a Board Member. She admits that the second cause of action, which sought to enjoin her from further divulgences, was consented to. Thereafter she was adjudicated in contempt of the injunction and ordered to pay Windsor $32,477.10 for its attorneys' fees and a $250 fine. Notwithstanding that the contempt did not require a finding of willfulness and that the direct cause of action for breach of fiduciary duty was dismissed because no damages could be proved, the injunction and contempt adjudication establish that her actions were not made with the degree of care BCL 717 requires. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT. 
ENTERED: June 24, 2021



Footnotes

Footnote 1: BCL 722(b) actually does not mention any amounts or expenses.