People v Wilson (2022 NY Slip Op 50274(U))

[*1]

People v Wilson (Joseph)

2022 NY Slip Op 50274(U) [74 Misc 3d 134(A)]

Decided on April 19, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on April 19, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Brigantti, Tisch, JJ.

570070/18

The People of the State of New York,
Respondent, 
against
Joseph Wilson, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Frances Y. Wang, J.), rendered January 3, 2018, after a nonjury trial, convicting him of
disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Frances Y. Wang, J.), rendered January 3, 2018, affirmed. 
The verdict convicting defendant of disorderly conduct under a theory that he was
congregating with other persons in a public place and refusing to comply with a lawful order of
the police to disperse (see Penal Law § 240.20[6]), was supported by legally
sufficient evidence and was not against the weight of the evidence (see People v
Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the court's
determinations concerning credibility. The credited police testimony established that a police
officer responded to a radio call of an officer needing assistance at the corner of Boston Post
Road and East 168th Street; that the officer encountered a crowd of approximately one hundred
people, with 15-20 officers "trying to find the officers that were screaming for help"; that the
officer began directing the crowd "to clear the intersection because it was a police scene," telling
the crowd that they can "go down the block"; and that defendant repeatedly refused to comply
with the orders to disperse. Contrary to defendant's contentions, the People's proof demonstrated
that he "congregate[d] with other[s]" on the street (Penal Law § 240.20[6]) to watch the
underlying police activity. Furthermore, his intent to cause public inconvenience, annoyance or
alarm, or recklessness in creating such a risk, could be inferred from his refusal to comply with
the police order to disperse(see People v Weaver, 16 NY3d 123, 128 [2011]; People v Theronier, 195 AD3d 558
[2021], lv denied 37 NY3d 1030 [2021]; People v Seck, 126 AD3d 574 [2015], lv denied 25 NY3d 1171
[2015]). 
Contrary to defendant's further contention, the circumstances present here do not indicate any
arbitrariness on the part of the police officer in ordering the crowd to disperse, charged as he was
with maintaining public order (see People v Todaro, 26 NY2d 325, 328-329 [1970]).
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: April 19, 2022