People v McDuffie (2023 NY Slip Op 50320(U))

[*1]

People v McDuffie (Johnathan)

2023 NY Slip Op 50320(U)

Decided on April 13, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 13, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Tisch, James, JJ.

570168/18

The People of the State of New York, Respondent, 
against
Johnathan McDuffie, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Phyllis Chu, J.), rendered February 14, 2018, after a nonjury trial, convicting him of disorderly conduct, and imposing sentence.

Per Curiam.
Judgment of conviction (Phyllis Chu, J.), rendered February 14, 2018, affirmed.
The verdict convicting the defendant of disorderly conduct (see Penal Law § 240.20[3]) was supported by legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the court's credibility determinations. It can be readily inferred from the evidence that defendant recklessly created a risk of public inconvenience, annoyance, or alarm when he shouted obscene and abusive language at passersby inside the Port Authority Bus Terminal, while flailing his arms and blocking pedestrian traffic, and continuing to shout obscenities when approached by a police officer responding to complaints from numerous individuals (see People v Weaver, 16 NY3d 123, 128 [2011]; see also People v Theronier, 195 AD3d 558 [2021], lv denied 37 NY3d 1030 [2021]). 
Nor was the accusatory instrument jurisdictionally defective. Defendant's intent to cause public inconvenience, annoyance or alarm, or recklessly create a risk thereof (see People v Weaver, 16 NY3d at 128) could be readily inferred from allegations that on a specified weekday afternoon, defendant was observed at the described location "yelling to pedestrians and passersby, in substance, 'f*** you, f**** you motherf******, I hope you all die'" while "standing in such a way as to make it difficult for people to walk around him"; that defendant told the responding police officer "'F*** you and f*** your mother'"; and then, as he was placed under arrest, defendant "twisted his body" away from the officer and "refused to put his hands behind his neck," making it difficult to effect the arrest (see People v Lee, 55 Misc 3d 138[A], 2017 NY Slip Op 50521[U][App Term, 1st Dept 2017], lv denied 29 NY3d 1092 [2017]; see also People v Birch, 70 Misc 3d 144[A], 2021 NY Slip Op 50199[U] [App Term, 1st Dept 2021], lv denied 37 NY3d 954 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: April 13, 2023